64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Braulio C. CORPUZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3343.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Oct. 5, 1995.
 
 Before NEWMAN, CLEVENGER, and BRYSON, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Braulio C. Corpuz appeals the decision of the Merit Systems Protection Board, Docket No. SE0831930435-I-1, sustaining the decision of the Office of Personnel Management (OPM) that he was not entitled to a retirement annuity pursuant to the Civil Service Retirement Act (CSRA). We affirm the decision of the Board.
 
 
 2
 In order to be eligible for an annuity under the CSRA, an applicant must complete at least five years of creditable service and at least one of the two years of service prior to separation must be "subject to" the CSRA, i.e., covered service. 5 U.S.C. Sec. 8333(a-b). Covered service consists of an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund. Rosete v. Office of Personnel Mgmt., 48 F.3d 514, 516 (Fed.Cir.1995). OPM has determined, by regulation, that indefinite appointments in the excepted service are not covered service. 5 C.F.R. Sec. 831.201(a)(13) (excluding from coverage "[e]mployees serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955, ....)
 
 
 3
 Mr. Corpuz's employment records indicate that he worked from August 1967 through September 1992 as a civilian employee for the Navy in the Philippines, retiring "in lieu of involuntary action by RIF." All of his positions there were in the excepted service and classified as either of "limited" or "indefinite" duration. None was classified as a permanent position and there is no indication in the record that any of the positions was covered by the CSRA. Petitioner concedes that no deposits were made from his pay into the Civil Service Retirement and Disability Fund.
 
 
 4
 Petitioner argues that OPM exceeded its authority when it excluded indefinite appointments in the excepted service from CSRA coverage. As support Petitioner cites Executive Order 9154 of May 1, 1942, which excluded certain temporary and emergency-indefinite appointments from the retirement system. Petitioner argues that this list should be read as exhaustive, and since indefinite-excepted appointments are not there enumerated they should be deemed covered by the CSRA.
 
 
 5
 Petitioner's argument was advanced and rejected by this court in Rosete. There we said: "[T]he correct source of the regulation at issue under the 1956 Act is Executive Order 10,180, 3 C.F.R. Sec. 363 (1949-1953), which superseded E.O. 9154. E.O. 10,180 specifically excluded employees with 'nonpermanent appointments,' including indefinite appointments, from coverage under the CSRA". Id., 48 F.3d at 519. Hence, OPM properly excluded Petitioner's service in an indefinite-excepted position from coverage under the CSRA.
 
 
 6
 Petitioner points out that the tenure indication on his SF-50 ("Notification of Personnel Action") evidencing his retirement is marked "1" (permanent), and argues that this is evidence that his employment was permanent rather than indefinite. While not dispositive, tenure grouping can be evidence of permanent status if the record is otherwise ambiguous. See Rosete, 48 F.3d at 519-20 ("tenure grouping could be circumstantial evidence that [Petitioner] did not hold an indefinite appointment if [he] was 'at any time subject to the CSRS and [his] personnel record was incomplete as to evidence.' ") (quoting Fredeluces v. Office of Personnel Mgmt., 57 M.S.P.R. 598, 602 n. 4 (1993)).
 
 
 7
 Tenure indications on other of Petitioner's SF-50 forms are marked "0" (none), "1" (permanent) and "3" (indefinite). The Board considered this evidence and concluded that the indication Petitioner refers to was made "solely for the purpose of reduction in force and ... does not change the temporary nature of his appointments." In light of the other evidence in the record supporting the Board's conclusion, including the absence of payroll retirement deductions and the consistent indications that his positions were not covered by the CSRA, we agree with the Board's analysis.
 
 
 8
 Petitioner has the burden of demonstrating entitlement to retirement benefits. Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Since Petitioner has failed to prove he is entitled to an annuity under the CSRA, the decision of the Board is affirmed.